United States District Court
Southern District of Texas
**ENTERED**
November 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| OSCAR O. CABRERA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:22-CV-00040 |
| | § | |
| UNITED STATED OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Oscar O. Cabrera is a federal inmate who is currently incarcerated at the Federal Medical Center in Fort Worth, Texas. Proceeding *pro se*, Cabrera filed a purported 28 U.S.C. § 2241 petition on October 3, 2022. (D.E. 1). Cabrera seeks to run his two federal sentences concurrently. For the reasons discussed further below, it is recommended that Cabrera's filing be liberally construed as a 28 U.S.C. § 2255 motion and that he be ordered to re-file his claims on the proper form. Alternatively, if construed as a § 2241 petition, it is recommended that Cabrera's petition be dismissed for lack of jurisdiction.

### I. BACKGROUND

In March 2021, Cabrera was convicted of illegal reentry in Case No. 3:20-cr-128 in the Eastern District of Virginia and sentenced to 8 months' imprisonment, to be followed by 3 years' supervised release. The Virginia judgment provided: "If, at any time, the defendant illegally reenters the United States during the term of supervised release, his

illegal reentry will be a violation of supervised release, as well as a violation of law." (S.D. Tex. Case No. 6:22-cr-1, D.E. 1-1 at 4).[1]

In April 2022, Cabrera was convicted of an October 2021 illegal reentry in Case No. 6:21-cr-150 in the Southern District of Texas and sentenced to 24 months' imprisonment. (S.D. Tex. Case No. 6:21-cr-150, D.E. 19 at 2). The Virginia court transferred jurisdiction over Cabrera's supervision to this Court, and Cabrera subsequently admitted guilt to violating the following three conditions of his supervision: (1) mandatory condition: commission of a crime – illegal reentry; (2) illegal reentry to the United States during term of supervised release; and (3) failure to remain outside of the United States after deportation. (*See* S.D. Tex. Case No. 6:22-cr-1, D.E. 1 at 1; D.E. 6 at 1). The District Court adjudicated Cabrera guilty of those three violations and sentenced him to 8 months' imprisonment. (*Id.*, D.E. 6 at 1-2). The judgment specifically provided that "[t]his term consists of 8 months custody to be served consecutively to the sentence imposed in 6:21CR00150-001." (*Id.* at 2).

In his revocation proceedings, Cabrera subsequently filed a "Motion on Concurrent" in which he sought to have his sentences run concurrently. (*Id.*, D.E. 9). In this motion, Cabrera contended that "the Court failed to properly sentence him to a federal sentence to run concurrent," asserted that his counsel was ineffective at the revocation proceedings,

---

[1] In a later order in Cabrera's supervised release revocation proceedings, the District Court stated that the original judgment was from the District of New Jersey. (S.D. Tex. Case No. 6:22-cr-1, D.E. 10 at 1). However, the Court appears to have been referring to the Virginia judgment.

and cited to U.S.S.G. § 5G1.3, which is a Sentencing Guideline provision regarding consecutive and concurrent sentences. (*Id.* at 2-3). Cabrera also referenced 18 U.S.C. § 3582(c)(1), a statute regarding the modification of an imposed term of imprisonment. (*Id.* at 3).

The District Court construed this to be a motion under Federal Rule of Criminal Procedure 36 to correct a clerical error. (*Id.*, D.E. 10 at 1-2). In September 2022, the District Court denied the motion because the written judgment was consistent with the Court's oral pronouncement and the Court had no authority to now correct the sentence or modify it to run concurrently with Cabrera's other sentence. (*Id.* at 2). However, the Court also noted that, if Cabrera sought "to challenge the Bureau of Prisons' … calculation of his federal sentence, he may file a petition under 28 U.S.C. § 2241." (*Id.* at 2-3). The Court noted that such a petition must be filed in the Eastern District of Texas where Cabrera was incarcerated. (*Id.* at 3).

## II. DISCUSSION

Following the denial of his motion, Cabrera filed the present § 2241 petition. (D.E. 1). In the petition, Cabrera states that he seeks have his sentences run concurrently. (*Id.* at 5-8). In a final page addressed to the warden, he notes that he is asking the "warden to grant my sentence to run concurrent." (*Id.* at 10).

If Cabrera's filing is construed as filed as a § 2241 petition, this Court lacks jurisdiction to consider Cabrera's petition because, as noted by the District Court's order, it must be filed in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448,

451 (5th Cir. 2000). Although the District Court's previous order stated that FMC Fort Worth, where Cabrera is incarcerated, was in the Eastern District of Texas, the proper district would instead be the Northern District of Texas because the prison is located in Tarrant County. 28 U.S.C. § 124(a)(2). Regardless, the Southern District of Texas is not the proper district for a § 2241 petition.

However, it is instead recommended that Cabrera's filing be liberally construed as a § 2255 motion because the claims he is attempting to raise are not properly raised in a § 2241 petition. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that documents filed *pro se* are to be liberally construed). A writ of habeas corpus pursuant to § 2241 is the appropriate vehicle where "a sentenced prisoner attacks . . . the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451 (citations omitted). Although Cabrera states that he is seeking to have the warden run his sentences concurrently, his actual challenge is not to "the prison authorities' determination of [the sentence's] duration," but rather the explicit language of the District Court's judgment, which requires that his sentences run consecutively. This claim is appropriate for a § 2255 motion, not a § 2241 petition. That Cabrera seeks to file a § 2255 motion is further supported by his previous motion, where most of the arguments directly challenge the revocation proceedings and the Court's judgment, including his contentions that "the Court failed to properly sentence him to a federal sentence to run concurrent," his counsel was ineffective at the revocation proceedings, and § 5G1.3 supported concurrent sentences. (Case No. 6:22-cr-00001, D.E. 9 at 2-3). These are claims under § 2255 "that the sentence was

4

imposed in violation of the Constitution or laws of the United States, … or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also Benavides v. United States*, No. 1:22-CV-9, 2022 WL 2836173, at *4-5 (S.D. Tex. May 9, 2022) (addressing claims in a § 2255 motion that counsel was ineffective and the court committed plain error in relation to a revocation sentence being run consecutively rather than concurrently).

Finally, it appears that Cabrera may have filed his claims in a § 2241 petition because the District Court suggested that was a possibility in the previous order denying his miscellaneous motion. (Case No. 6:22-cr-00001, D.E. 10 at 2-3). However, for the reasons discussed above, his present challenge to the language of the judgment is appropriate for a § 2255 motion.

## III. RECOMMENDATION

Accordingly, it is recommended that Cabrera's filing be liberally construed as a 28 U.S.C. § 2255 motion and that he be ordered to re-file his claims on the proper form. Alternatively, if construed as a 28 U.S.C. § 2241 petition, it is recommended that Cabrera's petition be dismissed for lack of jurisdiction.

Respectfully submitted on November 21, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).